**U–HAUL INTERNATIONAL, INC., A Nevada Corporation, Plaintiff,**

v.

**Ed KRESCH, Simon Kresch, Neu–Monics and Centre 40 Trucking, Jointly & Severally, Defendants.**

Civ. A. No. 94–74341.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 16, 1995.

Julie A. Greenberg, Gifford, Krass, Groh, Sprinkle, Patmore & Anderson, Birmingham, MI, for Neu–Monics.

Steven B. Galbraith, Galbraith & Booms, Southfield, MI, for U–Haul Intern. Corp.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

GADOLA, District Judge.

On November 14, 1994, this court denied plaintiff U–Haul International, Inc.'s motion for a preliminary injunction. On December 16, 1994, plaintiff filed a motion for reconsideration in light of newly discovered facts. On December 28, 1994, the court issued an order for defendants to respond to plaintiffs' motion for reconsideration. Defendants responded on January 11, 1995. On January 31, 1995, plaintiff filed a second amended

complaint in which plaintiff alleged the new facts that are discussed in plaintiffs' motion for reconsideration.[1] For the reasons discussed below, the court will deny plaintiff's motion for reconsideration.

## I. Facts

On October 27, 1994, plaintiff U–Haul International, Inc. filed a complaint in this action and an ex parte motion seeking a temporary restraining order barring defendants' use of plaintiff's trademarks and the telephone number "800–GO–U–HAUL." On October 28, 1994, this court denied plaintiff's ex parte motion because plaintiff did not show that it had attempted to notify defendants about the motion. On November 2, 1994, plaintiff filed a verified first amended complaint and a second ex parte motion requesting that the court temporarily restrain defendants from using the "800–GO–U–HALL" telephone number. On November 3, 1994, the court granted plaintiff's motion based on facts in plaintiff's verified complaint and attached affidavits. On November 10, 1994, the court heard oral argument on plaintiff's motion for a preliminary injunction.

The facts developed through the briefs and at the hearing regarding the motion for preliminary injunction included the following. Plaintiff is the holder of the trademark "U–Haul" and uses the telephone number "800–GO–U–HAUL" or 800–468–4285. Defendant Centre 40 Trucking had been an authorized U–Haul dealer from January 1994. On October 1, 1994, plaintiff terminated Centre 40 Trucking's U–Haul dealership contract, with termination to be effective on October 31, 1994. Defendants use the telephone number 800–468–4255. Defendants' number, if translated into an alphanumeric, can be identified as "800–GO–U–HALL." Plaintiff sent a letter to defendants, dated October 24, 1994, in which plaintiff requested that defendants cease using plaintiff's trademark and the telephone number "800–GO–U–HALL." Defendants continued to use the telephone number 800–468–4255.

In plaintiff's verified first amended complaint, plaintiff stated: "All of the Defendants herein have acquired and used the U–Haul name, signs and telephone number '800–GO–U–HALL' ...." Plaintiff also provided an affidavit of an employee, Bruce Michael Overholser, who stated: "I have received numerous phone calls from U–Haul customers who have reported they called the phone number 1–800–GO–U–HALL ... Most of said customers have expressed irritation or confusion regarding the phone number '1–800–GO–U–HALL.'" Overholser also stated in the affidavit: "Many of these customers stated that they thought they would reach U–Haul by dialing 1–800–GO–U–HALL." Plaintiff alleged in its motion for an ex parte temporary restraining order: "Defendants have used the telephone number "800–GO–U–HALL" [sic] (1–800–468–4255)." Further, plaintiff alleged in its brief supporting the motion that defendants have taken advantage of the confusion between U–Haul and U–Hall "by using the phone number '800–GO–U–HALL.' This phone number has been advertised in USA Today." Plaintiff also attached to its second motion for an ex parte temporary restraining order the affidavits of one of plaintiff's attorneys and a law clerk for plaintiff's attorney attesting to plaintiff's attempts to notify defendants of plaintiff's motion for an ex parte temporary restraining order on October 26, 1994 and November 1, 1994.

On November 10, 1994, defendants provided the court with a brief opposing plaintiff's motion for a preliminary injunction. Defendants also provided the affidavit of defendant Ed Kresch, who stated that Centre 40 Trucking has "never used or in any way promoted any alphanumeric equivalent of any telephone number. In particular, no use has ever been made, by Centre 40 Trucking, or any individual or entity with which it is related, of the alphanumeric 1–800–GO–U–HALL." On November 10, 1994, the court heard oral argument on plaintiff's motion for a preliminary injunction.

On November 14, 1994, the court denied plaintiff's motion for preliminary injunction, finding that plaintiff offered no evidence that defendants had actually promoted their number, 1–800–468–4255, as 1–800–GO–U–HALL. Plaintiff provided no legal or factual

---

1. The second amended complaint added U–Haul Co. of Michigan as a plaintiff.

argument to support a finding that they were likely to succeed in proving that defendants violated either 15 U.S.C. § 1114 or 15 U.S.C. § 1125. Before the court is plaintiff's motion for reconsideration of its order denying plaintiff's motion for a preliminary injunction.

## II. Standard of Review

■ The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from correction thereof." L.R. 7.1(h)(3) (E.D.Mich. Jan. 1, 1992). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain. Webster's New World Dictionary 974 (3rd Ed.1988); Webster's New World Thesaurus 544 (Rev.Ed.1985). A motion for reconsideration which merely presents the same issues relied upon by the court, either expressly or by reasonable implication, shall be denied. L.R. 7.1(h)(3) (E.D.Mich. Jan. 1, 1992). The local rules further provide that a motion for "reconsideration shall be served not later than 10 days after entry of such judgment or order." L.R. 7.1(h)(1).

## III. Analysis

As a threshold matter, plaintiff's motion for reconsideration is denied as untimely. Local Rule 7.1(h)(1) (E.D.Mich. Jan. 1, 1992) provides that a motion for reconsideration "*shall* be served not later than 10 days after entry of such judgment or order." The order denying plaintiff's motion for a preliminary injunction was entered by this court on November 14, 1994. Plaintiff filed the motion for reconsideration over a month later, on December 16, 1994. In the interests of justice, the court will also explain why plaintiff's motion for reconsideration would be denied for substantive reasons even if it had been timely filed.

■ In plaintiff's motion for reconsideration, plaintiff alleges that shortly after the court denied plaintiff's request for a preliminary injunction, plaintiff discovered that defendants subscribe to an additional telephone number: 1–800–408–4285, i.e., 1–800–G0[zero]–U–HAUL. Plaintiff also alleges

that "upon information and belief" defendants are using a third telephone number: 1–800–408–4255, i.e., 1–800–G0[zero]–U–HALL. Plaintiff also attached three affidavits from individuals who state that they were charged for making reservations with U–Haul but did not receive their rentals. Plaintiff alleges that defendants led consumers to believe they reached the national telephone number for U–Haul. Plaintiff argues that these affidavits prove that defendants are using plaintiff's trademark. Plaintiff also alleges that it obtained new evidence that defendants sent a survey to defendants' customers, which plaintiff provides as Exhibit E. The survey displays the U–Haul trademark.

In plaintiff's motion for a preliminary injunction, plaintiff argued that defendants were using plaintiff's trademark by use of the number 1–800–GO–U–HALL. Because plaintiff could not provide the court with any evidence that defendants actually advertised their number through the alpha-numeric and defendants denied such advertisement, the court found that plaintiff had not proven trademark infringement. Further, plaintiff had not cited a single case in support of its argument.

In its motion for reconsideration, plaintiff suggests that the newly discovered facts support a finding of trademark infringement. However, the survey that plaintiff alleges constitutes trademark infringement as well as the telephone conversations described in the three affidavits were mailed and/or occurred while Centre 40 Trucking was a licensed U–Haul dealership. Plaintiff provides no proof that defendant Centre 40 Trucking was not permitted to use the trademark even though it was a licensed U–Haul dealership. Therefore, these new facts do not create a clear showing that the court or the parties made a "palpable" mistake.

Plaintiff argues that the existence of the three telephone lines constitutes not only trademark infringement but also a violation under 15 U.S.C. § 1125, which states in relevant part:

Any person who, on or in connection with any goods or services .... uses in commerce any word, term, name, symbol, or

device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which—

(A) is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ... shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125. For the first time, plaintiff cites case law to support its position. In particular, plaintiff relies on *Holiday Inns, Inc. v. 800 Reservation, Inc.*, 838 F.Supp. 1247 (E.D.Tenn.1993), in which plaintiff Holiday Inns was granted a preliminary injunction to prevent defendant 800 Reservation Inc. from using a telephone number similar to Holiday Inns' number. In *Holiday Inns*, plaintiff Holiday Inns utilized the number 1–800–HOLIDAY, or 1–800–465–4329. Defendant in *Holiday Inns* was a travel agency which bought the complimentary number for Holiday Inns, 1–800–H(zero)LIDAY, and other businesses in order to book customers for these hotels. Plaintiff sued defendant for trademark infringement, under 15 U.S.C. § 1114, and unfair competition, under 15 U.S.C. § 1125. The court explained that the standard for a preliminary injunction under both statutes is substantially identical—likelihood of confusion. *Id.* at 1253 (citing *Wynn Oil Co. v. Thomas*, 669 F.Supp. 831, 834 (M.D.Tenn.1986), *rev'd in part and aff'd in part*, 839 F.2d 1183 (6th Cir.1988)). The court explained that intent is the most significant factor in proving likelihood of confusion. *Id.* at 1254 (citing *Frisch's Restaurants, Inc. v. Elby's Big Boy*, 670 F.2d 642, 648 (6th Cir.1982), *cert. denied*, 459 U.S. 916, 103 S.Ct. 231, 74 L.Ed.2d 182 (1982)). The court acknowledged that the case was unusual because defendant admitted that it purchased the complementary number with the intent to derive benefit from Holiday Inns' reputation. Defendant argued that there was no use of plaintiff's trademark and therefore the court need not reach the issue of likelihood of confusion. The court found that the reserva-

tions that defendant made for customers at Holiday Inn were more costly than if customers had dialed directly to a Holiday Inn telephone line. The court found that defendant had used plaintiff's mark in violation of the Lanham Act. *Id.* at 1255. The instant case is different from the scenario described in *Holiday Inns* because defendants in the instant case allege that they purchased the 1–800–468–4255 while they were a U–Haul dealer, that they disclosed their use of the number to U–Haul, and that U–Haul did not object. Further, the *Holiday Inns* decision is not binding precedent on this court. Therefore, even if the court were to agree with plaintiff's argument, plaintiff has not shown that there was a "palpable defect" in the court's order.

■ The proof needed to prevail in a motion for preliminary injunction under the Lanham Act is the existence of "likelihood of confusion." The Sixth Circuit provides an eight factor test for determining whether there is a likelihood of confusion: (1) strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; (8) likelihood of expansion of the product lines. *Frisch's Restaurants, Inc. v. Elby's Big Boy*, 670 F.2d 642, 648 (6th Cir. 1982), *cert. denied*, 459 U.S. 916, 103 S.Ct. 231, 74 L.Ed.2d 182 (1982). Neither the arguments nor the new facts alleged by plaintiff show a "palpable defect" which would require the court to grant a different disposition.

### ORDER

Therefore, it is hereby **ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**